# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEROY T. MOORE, | : |
| Petitioner, | : Civ. No. 19-16468 (FLW) |
| v. | : |
| ERIN NARDELLI et al., | : **MEMORANDUM AND ORDER** |
| Respondents. | : |

Petitioner *pro se*, Leroy T. Moore ("Petitioner"), who is presently incarcerated at South State Correctional Facility, in Delmont, New Jersey, seeks to proceed with a petition for writ of *habeas corpus*, under 28 U.S.C. § 2254. (Pet., ECF No. 1.) Petitioner concurrently filed an application to proceed in this case *in forma pauperis*. (DE 1-2.)

A prisoner who seeks to proceed *in forma pauperis* in a habeas proceeding must submit (1) a completed affidavit of poverty showing that the prisoner is unable to pay the applicable filing fee and (2) a certification signed by an authorized officer of the institution certifying the amount presently on deposit in the prisoner's prison account and the greatest amount on deposit in the prison account during the six-month period immediately preceding the filing of the petition. *See* L. Civ. R. 81.2(b). Furthermore, this affidavit and certification must be filed in the forms specified by the Court's Local Civil Rules. *See id.*

Petitioner submitted an application to proceed *in forma pauperis*, but it is not on the form specified by the Local Rules. *See id.* & App'x P. Furthermore, Petitioner did not submit the required account certification signed by an authorized institutional officer. Accordingly, his application to proceed *in forma pauperis* does not meet the requirements of Local Civil Rule 81.2(b), and it is denied.

Furthermore, the Court notes that Petitioner omitted the portion of his form Petition including the required notice under *Mason v. Myers*, 208 F.3d 414 (3d Cir. 2000). Accordingly, the Court now gives a *Mason* notice to Petitioner. Before a District Court may rule on a § 2254 petition from a *pro se* petitioner, it must notify the petitioner that he may either (1) have his petition ruled on as filed, or (2) withdraw the petition and file one all-inclusive § 2254 petition "within the one-year statutory period." *Mason*, 208 F.3d at 418 (internal quotation marks omitted); *see also United States v. Miller*, 197 F.3d 644, 652 (3d Cir. 1999) (same for a § 2255 petition). This notice is required "out of a sense of fairness," because the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") has a restrictive effect on successive habeas petitions. *Mason*, 208 F.3d at 418; *see also Holden v. Mechling*, 133 F. App'x 21, 22 (3d Cir. 2005).

For this reason, Petitioner is directed to indicate whether he wishes to have his present Petition ruled on as filed or if, instead, he wishes to withdraw that Petition and file one timely, all-inclusive, amended § 2254 petition. Petitioner shall file any filing fee or *in forma pauperis* application, as well as a response to the *Mason* notice, including, if desired, any amended petition, within 45 days of the entry of this Memorandum and Order.

Therefore, IT IS, on this 12th day of August 2019,

ORDERED that, as the application to proceed *in forma pauperis* that accompanied the Petition is defective and incomplete, that application is DENIED WITHOUT PREJUDICE; and it is further

ORDERED that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this case; and it is further

ORDERED that, if Petitioner wishes to reopen this case, he shall, within 45 days of the entry of this order, submit a written request to reopen accompanied by either the $5.00 filing fee or a complete application to proceed *in forma pauperis*, including the required account certification signed by an authorized institutional officer; and it is further

ORDERED that, upon receipt of a writing from Petitioner stating that he wishes to reopen this case and either the $5.00 filing fee or a complete application to proceed *in forma pauperis*, the Clerk of the Court will be directed to reopen this case; and it is further

ORDRED that, in conjunction with filing a request to reopen, Petitioner shall also respond to the *Mason* notice by indicating to the Court that he either (1) wishes to have his Petition ruled on as filed, or (2) he wishes to withdraw his Petition and file a timely, all-inclusive, amended § 2254 petition ; and it is further

ORDERED that, if Petitioner wishes to file an amended, all-inclusive § 2254 petition, he shall include it with his application to reopen this action, within 45 days of the entry of this Memorandum and Order; and it is further

ORDERED that the Clerk shall serve upon Petitioner by regular U.S. mail (1) a copy of this Memorandum and Order, (2) a blank form Application to Proceed *in Forma Pauperis* in a Habeas Corpus Case, Form DNJ-ProSe-007-B-(Rev. 09/09), and (3) a blank Petition for Relief from a Conviction or Sentence by a Person in State Custody, Form AO 241 (modified) DNJ-Habeas-008(Rev.01-2014).

*s/Freda L. Wolfson*
FREDA L. WOLFSON
U.S. Chief District Judge